UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HENRY MYLES,

        Petitioner,

vs.                             Case No. 3:06-cv-1020-J-12TEM

TIM SMITH, CLERK OF COURT,

        Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Petitioner, an inmate of the Florida penal system who is proceeding *pro se*, initiated this case by filing a Petition for Writ of Mandamus (Doc. #1) (hereinafter Petition). Although the Petition is somewhat unclear, it appears that the Petitioner is requesting this Court to compel the Putnam County Circuit Court to comply with Petitioner's request for public records. He also seeks attorneys fees and the costs for bringing this suit.

    The Court notes that writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure. However, actions in the nature of mandamus to compel United States officials to perform duties are within the jurisdiction of the United States district courts pursuant to 28 U.S.C. § 1361. This case is not within the parameters of § 1361.

Dockets.Justia.com

> [U]nder the All Writs Statute, 28 U.S.C. § 1651, Federal Courts may issue all writs necessary or appropriate in aid of their respective jurisdictions. Title 28 U.S.C. § 1651 does not create an independent basis for jurisdiction. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586 (4th Cir. 1969); *Ortega v. Puncinelli*, 444 F.2d 530 (9th Cir. 1971); *Ali v. State Police of Pennsylvania*, 378 F.Supp. 888 (E.D. Pa. 1974).
>
> Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F.Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F.Supp. 914, 915 (E.D. Wis. 1978).

*Andujar v. Crosby*, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006).

Clearly, this Court does not have jurisdiction to compel the the Putnam County Circuit Court to comply with Petitioner's request for public records. Petitioner must seek such relief in the state court system. Thus, this action will be dismissed.

Accordingly, it is now

**ADJUDGED:**

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing the case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of November, 2006.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

ps 11/22
c:
Henry Myles